**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK, FA, | : | No. 3:04cv2783 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| RICHARD V. PEREZ and JEANETTE PEREZ, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM and ORDER

Before the court for disposition is the plaintiff's motion for default judgment in this mortgage foreclosure action.   For the reasons that follow, the motion will be denied, and the case will be dismissed.

Plaintiff filed the instant mortgage foreclosure action on December 22, 2004.  On January 27, 2005, plaintiff moved for service by special order of court indicating that the subject premises were vacant and a good faith effort to locate the defendants had been unsuccessful.  (Doc. 4).  The motion was granted and plaintiff was allowed to serve the complaint via first class mail and certified mail.  (Doc. 5).

On February 25, 2005, the plaintiff moved for default judgment.  After a review of the plaintiff's motion, we found that it had not established service of the complaint.  By order dated March 2, 2005, we allowed the plaintiff thirty (30) days to file a proper return of service or we would deny the motion for default judgment.  (Doc. 10).  Defendant did not make a timely response to our order; therefore, we denied the motion for default judgment

on April 7, 2005.  (Doc. 11).

On May 5, 2005, we ordered the plaintiff to file proper returns of service or we would dismiss the complaint.  (Doc. 12).  In response to our order, the plaintiff indicated that copies of the complaint had been sent by regular and certified mail, return receipt requested, to the defendants.  (Doc. 14).  The plaintiff states: "However, regular and certified mail was undeliverable at the mortgaged premises, 100 Pine Ridge, East Stroudsburg, PA 18301 and a return receipt for 326 Lake of the Pines, East Stroudsburg, PA 18301 has not been received."  (Id.).  Accordingly, the defendants have not been served.

As we previously indicated to the plaintiff in our order of March 2, 2005, the Pennsylvania Rules of Civil Procedure[1] provide that "[p]roof of service by mail. . . shall include a receipt signed by the defendant or, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail, (1) the returned letter with the notation that the defendant refused to accept delivery, and (2) an affidavit that the letter was mailed by ordinary mail and was not returned within fifteen days after mailing." PA.R.CIV.PRO. 405.

Plaintiff has not established proof of service by mail under this rule and in fact has indicated that it has not made proper service by mail.  Moreover, plaintiff has not asked to serve the complaint by some other alternate means such as publication or posting the property.  Nonetheless, plaintiff has moved for default judgment.  Without service of the

---

[1]Although this is a case in a United States District Court, in this instance we are guided by the Pennsylvania Rules of Civil Procedure for the rules on service.  See FED. R. CIV. P. 4(e)(1).

complaint, however, we cannot grant default judgment to the plaintiff.

We will deny the motion for default judgment. Further, we provided notice to the defendant on May 5, 2005, that we would dismiss the case if a proper return of service was not filed within thirty (30) days. That thirty-day period has expired without the filing of a proper return of service. In addition, the deadline for serving the complaint has passed.[2] We will thus dismiss the case. See FED. R. CIV. P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, . . .on its own initiative after notice to the plaintiff, shall dismiss the action. . .."). Accordingly,

**AND NOW**, to wit, this $\underline{30}$ day of June 2005, the plaintiff's motion for default judgment (Doc. 16) is **DENIED** and the Clerk of Court is directed to strike the entry of default entered on June 21, 2005. Further, this case is hereby **DISMISSED** for failure to timely serve and for failure to comply with a court order. The Clerk of Court is directed to close this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

---

[2]The complaint was filed on December 22, 2005, and the plaintiff had 120 days from that date for service. See FED. R. CIV. P. 4(m).

3